### Ira P. Bacon *vs.* Rufus S. Lincoln.

It is a breach of the covenant of seizin, if there is no such land in existence as the deed purports to convey.

In declaring on a covenant, the breach may be assigned generally, by negativing the words of the covenant; and, therefore, in an action on the covenant of seizin, where the breach is that there is no such land in existence as the deed purports to convey, it is not necessary to aver that fact in the declaration.

This was an action of covenant broken, in which the plaintiff alleged a breach of the covenants of seizin and of right to convey, contained in a deed of conveyance of cer-

tain land in the state of New York. The land conveyed was described in the deed in the following terms : " A tract of land, situate in the county of Hamilton, and state of New York, and known upon a map of township No. 38, Hamilton county, New York, and filed in the office of the clerk of the county of Montgomery, as No. 5, bounded north by great lot No. 6, east by lot No. 6, west by lot No. 4, and south by lot No. 26, containing two hundred and eight acres, meaning to convey only my right in and to the above premises, if any I have, as the same may have been sold for taxes."

At the trial, which was before *Hopkinson*, J., in the court of common pleas, the plaintiff offered evidence to show that no such map as that referred to in the deed was or ever had been filed in the office of the clerk of Montgomery county, or in the clerks' offices of Hamilton and Fulton counties, which had been set off from Montgomery ; that township No. 38, mentioned in the deed, had never been surveyed or subdivided; and that no such lot as that described in the plaintiff's deed existed. The presiding judge thereupon ruled, that if no such lot No. 5 existed as a distinct part of the township, or if the deed was void for uncertainty of description, then the plaintiff could not maintain an action upon the covenants of seizin and right to convey ; there being no land for the covenants to attach to.

A verdict being rendered for the defendant, under this ruling, the plaintiff excepted.

The declaration being made a part of the case by the bill of exceptions, the defendant objected, in this court, that the breach of covenant therein alleged was not well assigned, inasmuch as it was not averred that there was no such lot as that described in the deed.

*W. A. Bryant* (with whom was *L. Williams*), for the plaintiff, referred to *Slater* v. *Rawson*, 1 Met. 450, 456 ; *Marston* v. *Hobbs*, 2 Mass. 433 ; and *Wheelock* v. *Thayer*, 16 Pick. 68.

*P. C. Bacon*, for the defendant, to show that assumpsit,

and not covenant, was the proper remedy, cited *D' Utriecht* v. *Melchor*, 1 Dall. 428, and *Wilson* v. *Jordan*, 3 Stew. & Port. 92.

WILDE, J.   This is an action to recover damages for a breach of the covenant of seizin contained in the deed of the defendant, by which he conveyed, or the deed purported to convey, to the plaintiff, a certain tract of land, situate in the county of Hamilton, state of New York, and known as No. 5, on a map of township No. 38, in said county, filed in the office of the clerk of Montgomery county in said state.

At the trial, the plaintiff offered evidence to prove, that the township had never been divided into lots; and it was there-upon ruled by the court, that if no such lot existed as that described in the deed to the plaintiff, this action upon the covenant of seizin could not be maintained.

This ruling, in our opinion, is not well founded; for the defendant covenanted that he was seized of the lot described in the deed, and if no such lot existed, that amounted to a breach of the covenant.

It has been objected, that the breach of the covenant is not well assigned, and that the declaration should have averred that there was no such lot as that described in the deed; but we think such an averment is not required by the rules of pleading.   The general rule is, that breaches of covenant may be assigned generally, by negativing the words of the covenant; and this rule is applicable to the breach of the covenant of seizin; *Marston* v. *Hobbs*, 2 Mass. 433, 437; and there is no necessity of a special assignment.   The covenant that the defendant was seized of the lot described in the deed implies that there was such a lot.

*Exceptions sustained.*